IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| KEITH DWAINE REED, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | CIVIL ACTION NO.: 1:09-00114 |

## MEMORANDUM OPINION

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's Application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401 - 433. The parties have consented to jurisdiction before the undersigned United States Magistrate Judge. (Document Nos. 2 and 3.)

On August 7, 2009, counsel for Plaintiff filed a Motion to Dismiss Complaint. (Document No. 12.) In support of the Motion to Dismiss, counsel asserts:

> By subsequent application for Social Security Benefits, the Commission once again reviewed the plaintiff's claim for benefits and ruled by Fully Favorable Decision dated August 4, 2009 that he was entitled to benefits. Such order of the Commission ends any justiciable issue before this Court and renders moot the basis for the plaintiff's complaint.

(Id. at ¶ 2.) As Defendant has filed an Answer (Document No. 7.), this action can be dismissed voluntarily only by Order of the Court, under Rule 41(a)(2) of the Federal Rules of Civil Procedure.[1]

---

[1] Rule 41(a)(2) provides:

By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without

The purpose of this rule "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of N. Am., 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

Regarding these four factors, the undersigned finds that this case has not proceeded beyond the Defendant's filing of an Answer. (Document No. 7.) Although Defendant has expended some time and expense in preparing the Answer, producing the Transcript, and preparing his brief in support of judgment on the pleadings, he does not object to Plaintiff's voluntary dismissal and dismissal will prevent Defendant from taking any further action in this matter. The Court notes that Plaintiff promptly moved to dismiss his Complaint three days after being awarded benefits on his subsequent application. Concerning the third factor, Plaintiff's counsel explains that the issues raised in Plaintiff's Complaint were rendered moot by the Commissioner's subsequent award of benefits. Any prejudice to the Defendant therefore, has been slight, and dismissal of this case will bring an end to it.

Accordingly, for the reasons stated herein, it is hereby **ORDERED** that Plaintiff's Motion

---

prejudice.

to Dismiss Complaint (Document No. 12.) is **GRANTED** and this action is deemed **voluntarily DISMISSED** without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2). The Clerk is directed to remove this action from the docket of the Court.

The Clerk is directed to file this Memorandum Opinion and send a of the same to counsel of record.

ENTER: September 4, 2009.

R. Clarke VanDervort
United States Magistrate Judge